IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

_____

| | |
|---|---|
| MOHAMMED HAMID DEHGHANI, PRO SE, § | |
| TDCJ-CID No. 881419, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | 2:05-CV-0240 |
| § | |
| RICHARD D. VOGELGESANG, Warden, § | |
| MICHAEL D. SAVERS, Assistant Warden, § | |
| DENNIS MARKGRAF, Captain, § | |
| DOUG DRETKE, TDC Director, § | |
| § | |
| Defendants. § | |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff MOHAMMED HAMID DEHGHANI, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 and has been granted permission to proceed *in forma pauperis*.

Plaintiff claims that, after his return from a free-world hospital for treatment of injuries sustained in a fall in his cell, he was written a disciplinary charge by defendant MARKGRAF for fighting with his cellmate. Plaintiff says MARKGRAF first accused him of attacking his cellmate with a hotpot and, when plaintiff informed him neither he nor his cellmate had a hotpot, MARKGRAF changed the charge to reflect he and his cellmate were fighting by hitting and kicking.

Plaintiff sues defendants SAVERS and VOGELGESANG because each is responsible for the operation of the unit and the welfare of the innates. Plaintiff sues defendant DRETKE because he is responsible for the overall operation of each unit.

Plaintiff requests an award of compensatory and punitive damages and declaratory judgment that his Fourteenth Amendment rights have been violated.

## JUDICIAL REVIEW

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2).  The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions.  42 U.S.C. 1997e(c)(1).  A *Spears* hearing need not be conducted for every *pro se* complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

A prisoner has a liberty interest only in "freedom[s] from restraint . . . impos[ing] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," and these will normally consist of deprivations which clearly impinge on the duration of

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing.  A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

confinement. *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995)(quoting *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 2294, 132 L.Ed.2d 418 (1995))[3]. Plaintiff's eight days of solitary confinement while his disciplinary charges were being brought and investigated is not an "atypical and significant hardship" on which a federally-protected liberty interest may be grounded. Moreover, by claiming the disciplinary charge written by defendant MARKGRAF was "false," plaintiff is asserting a claim of malicious prosecution; however, there is no longer a freestanding section 1983 claim for malicious prosecution in this Circuit. *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003). Consequently, an inmate's claim that an officer initiated disciplinary proceedings against him without probable cause does not state a claim. *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003).

Plaintiff's claims against defendants VOGELGESANG, SAVERS and DRETKE are based on a theory of *respondeat superior*; however, theories of vicarious liability, such as *respondeat superior*, cannot support a cause of action under section 1983. *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987). Thus, plaintiff's claims against these defendants lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

Pursuant to Title 28, United States Code, section 1915A and section 1915((e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, by plaintiff MOHAMMED HAMID DEHGHANI is

---

[3] The *Sandin* Court expressly recognized the unusual deprivations in *Vitek v. Jones*, 445 U.S. 480, 100 S.Ct. 1254, 63 L.Ed.2d 552 (1980) (transfer to a mental hospital), and *Washington v. Harper*, 494 U.S. 210, 110 S.Ct. 1028, 108 L.Ed.2d 178 (1990)(forcible administration of psychotropic drugs), also involved a liberty interest.

DISMISSED WITH PREJUDICE AS FRIVOLOUS AND FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail.  The Clerk shall also mail copies of this Order of Dismissal to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX  78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

ENTERED this   28th   day of April, 2006.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE